IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANDREW ISAAC LLOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16CV627 |
| | ) | 1:12CR449-2 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry 40.) He pled guilty in 2013 to a violation of 18 U.S.C. §§ 1951(a) and 2 (Hobbs Act robbery) and a violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (brandishing a firearm during a crime of violence) and was sentenced to 114 months of imprisonment. (Docket Entries 1, 19, 25, 26, 33; Minute Entries 3/7/2013, 5/30/2013.) Petitioner did not appeal. (Docket Entry 40, ¶ 8.) He then filed the instant motion. (Docket Entry 40.) The Government moved to dismiss the motion as untimely, to which Petitioner responded in opposition. (Docket Entries 46-47, 53.) The Court has appointed Petitioner counsel[1] (7/27/2016 Text Order) and held this matter in abeyance pending the resolution of cases generated after *Johnson v. United States*, 125 S.Ct. 2551 (2015). (Docket Entries 62, 64; 1/31/2019 Text Order.) The Court concludes that no further stay or briefing is required and that this matter is now prepared for a ruling.

---

[1] Petitioner later retained his own counsel. (Docket Entries 54-55.)

Petitioner's sole ground for relief is a challenge to his conviction under 18 U.S.C. § 924(c) as unconstitutional in light of *Johnson*. (Docket Entry 40, Ground One.) The Government, in turn, contends that Petitioner's claim is untimely. (Docket Entry 46.) For the following reasons, the Court agrees that dismissal of Petitioner's § 2255 motion is proper.

"A 1-year period of limitation shall apply to a motion under [ ] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

> [t]he limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Under Subparagraph (1) of Subsection 2255(f), Petitioner's conviction became final and his collateral filing time began to run after his time to file a direct appeal expired in late June 2013 fourteen days after the entry of the June 14, 2013 judgment. (Docket Entry 33.) *See* Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within 14 days of the entry of judgment). The one-year limitations period then expired one year later in late June 2014. Petitioner submitted his current § 2255 motion in June of 2016, approximately two years later.

(Docket Entry 40.) It is well out of time under Subparagraph (1) and Petitioner must rely on another provision to avoid having his motion barred by the statute of limitations.

Paragraph eighteen in Petitioner's § 2255 motion is entitled "TIMELINESS OF MOTION." (Docket Entry 40, ¶ 18.) It instructs that, "[i]f your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations . . . does not bar your motion." (*Id.*) Petitioner does not contend that Subparagraphs (2) or (4) of Subsection 2255(f) apply (or that equitable tolling renders his claim timely), but instead argues that Subparagraph (3) applies in light of the Supreme Court's findings in *Johnson*. (Docket Entry 40, Attach 1 at 21-22.) *Johnson* does not provide a basis under Paragraph (3) of Subsection 2225(f) for Petitioner to attack his § 924(c) conviction. As the Fourth Circuit recently explained in addressing a Guidelines challenge based on *Johnson*:

> [O]nly the Supreme Court can recognize a new right under § 2255(f)(3). Consequently, to find [the p]etitioner's motion timely, we must conclude that it relies on a right "recognized" in *Johnson* or another more recent Supreme Court case. . . .

. . . .

> While *Johnson* did announce a retroactively applicable right, *Johnson* dealt with *only* the residual clause of the [Armed Career Criminal Act, 18 U.S.C. § 924(e)]—a federal enhancement statute. . . .

*United States v. Brown*, 868 F.3d 297, 301-03 (4th Cir. 2017) (emphasis added) (internal citations and emphasis omitted), *cert. denied*, ___ U.S. ___, 2018 WL 2877128 (2018); *see also id.* at 299 ("[W]e are constrained . . . from extrapolating beyond the Supreme Court's holding [in *Johnson*] to apply what we view as its 'reasoning and principles' to different facts under a different statute or sentencing regime. We are thus compelled to affirm the dismissal of [the

3

p]etitioner's motion as untimely under 28 U.S.C. § 2255(f)(3)."), 304 ("We are constrained from reading between the lines of [Supreme Court decisions] to create a right that the Supreme Court has yet to recognize. We are compelled to affirm [the dismissal of this motion under § 2255] because only the Supreme Court can recognize the right which would render [the p]etitioner's motion timely under § 2255(f)(3).").

The same principles apply here. *Johnson* involved different facts and a different statute and so does not render Petitioner's motion timely. Petitioner's challenge to his § 924(c) conviction also fail as a matter of law. Petitioner pled guilty in 2013 to a violation of 18 U.S.C. §§ 1951(a) and 2 (Hobbs Act robbery) and a violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (brandishing a firearm during a crime of violence). (Docket Entries 1, 19, 25, 26, 33; Minute Entries 3/7/2013, 5/30/2013.) Since Hobbs Act robbery qualifies as a predicate crime of violence under the force clause found at § 924(c)(3)(A), Petitioner's challenge fails.[2] *See United States v. Mathis*, ___ F.3d ___, 2019 WL 3437626, at *15-16 (4th Cir. July 31, 2019) ("Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."). For the reasons set forth above, dismissal of Petitioner's § 2255 motion is proper.

**IT IS THEREFORE RECOMMENDED** that the stay in this matter be **LIFTED**, that the Government's motion to dismiss (Docket Entry 46) be **GRANTED**, and that

---

[2] Even if *United States v. Simms*, 914 F.3d 229, 233-252 (4th Cir. 2019) and *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) were sufficient to call into question the timeliness of Petitioner's motion under § 2255(f)(3), dismissal would still be proper. In those cases, the Fourth Circuit and Supreme Court (respectively) held that the residual clause of § 924(c)(3)(B) was unconstitutionally vague. However, because Hobbs Act robbery is a crime of violence under § 924(c)'s force clause (§ 924(c)(3)(A)), *Simms* and *Davis* do not change the fact that Petitioner's claim is without merit.

Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry 40) be **DISMISSED**, and that judgment be entered dismissing the action.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

August 23, 2019
Durham, North Carolina